JONES v. INTER-MOUNTAIN LIFE INS. CO. et al.

No. 3734.   Decided April 10, 1922.   Rehearing denied May 2, 1922.
(206 Pac. 269.)

MORTGAGES—FORECLOSURE HELD VALID. Where a summons in foreclosure against a mortgagor who had entered the navy in the World War was served on the mortgagor's tenant and the father and attorney of the mortgagor, and notice was by publication and by sending to the mortgagor's last known address a copy of the summons, and the mortgagor after returning home had notice of the pendency of the suit before the decree was entered, the foreclosure was valid.

Appeal from District Court, First District, Box Elder County; *A. A. Law,* Judge.

Suit by Clair D. Jones against the Inter-Mountain Life Insurance Company and others. From a decree for defendants, plaintiff appeals.

AFFIRMED.

*Ricy Jones,* of Brigham City, for appellant.

W. E. *Rydalch*, of Salt Lake City, and W. E. *Davis* and B. H. *Jones*, both of Brigham City, for respondents.

FRICK, J.

The plaintiff, hereinafter called appellant, brought this action in equity in the district court of Box Elder county to have a certain default judgment for the foreclosure of a mortgage entered against him by said court "adjudged null and void for fraud and for want of jurisdiction over the defendant [appellant], who was never served with process," and to have said judgment and the proceedings upon which it was based vacated and set aside.

This action, so far as the record discloses was commenced January 16, 1920, and the default judgment of foreclosure, which appellant sought to have vacated and set aside, was entered against him on the 11th day of August, 1919. In view that the findings of fact made by the district court in this case practically reflect the pleadings and the evidence, it is not necessary to refer to the pleadings nor to the evidence specifically. We shall therefore confine this statement to the controlling facts as found by the district court.

The court, after making the preliminary findings, among other things, found that on a certain date the appellant was the "record owner" of the real estate described in the complaint in this action; that on the 6th day of May, 1917, appellant "entered in the service of the United States," and that he was discharged from that service "on or about the 4th day of March, 1919"; that "on or about the 17th day of July, 1917, the defendant Inter-Mountain Life Insurance Company, a corporation," commenced an action in the district court of Box Elder county against the appellant "to foreclose a mortgage given to secure a note for $1,400"; that the action was commenced by filing a complaint, and a summons was duly issued and delivered to the sheriff of said county for service, and which was duly served "upon Eli Pierce, who was in possession of said premises as a tenant and doing the work thereon for Ricy H. Jones, the father and

attorney" of the appellant; that said Pierce, the appellant, "and their said attorney, Ricy H. Jones, were connected with and identified in interest in said property, and the said attorney of the plaintiff [appellant] herein received the rents and profits, and was and had been in possession of the said land embraced in said mortgage and described herein for about 15 years, and Eli T. Pierce during said 15 years was his tenant, doing the work on said land."

In order to avoid any misstatement of the facts as found, we here insert the court's further findings in the court's own language, to wit:

"That in said mortgage foreclosure case, after diligent search and inquiry, and inquiries amongst others of Ricy H. Jones, the attorney and father of said Clair D. Jones, and after inquiries made at the recruiting station in Salt Lake City, Utah, and after the sheriff had made a return in substance and effect that said Clair D. Jones could not be found in Box Elder county, and after an affidavit was filed to the effect that the post office address of Clair D. Jones was "United States Naval Station, Mare Island, California," an order was duly made for the publication of the summons, and the said summons was published and a copy thereof, together with a copy of the verified complaint, sent to the true address of said Clair D. Jones. That the Mare Island post office is a station or branch of the Vallejo post office.

"That said Clair D. Jones was discharged about March, 1919, from the service, and that shortly afterwards he received information that said foreclosure proceedings were pending, and that afterwards, on the 11th day of August, 1919, the trial judge, Hon. J. D. Call, made and entered findings of fact and conclusions of law and decree in said foreclosure suit, finding amongst other matters, that the defendant therein, Clair D. Jones, had been duly and regularly served with summons, and within the time allowed by law had failed and neglected to answer or otherwise plead to the complaint, and that the defendant Eli T. Pierce, by Ricy H. Jones, his attorney, had appeared specially therein and objected to the service of the summons, which objection was overruled, and he then filed a demurrer to the foreclosure complaint, which was overruled, and he was given 10 days to answer, and he failed and neglected to answer, and that defaults of both the defendants, Clair D. Jones and Eli T. Pierce, were entered by the court, and the court ordered and entered in the decree that the defendants Clair D. Jones and Eli Pierce were in default, and said defaults of the said Clair D. Jones and the said Eli T. Pierce were each duly made and entered by the court in the said foreclosure proceedings.

"That within about 10 days after his return from service in the Naval service of the United States, as hereinbefore found, the said Clair D. Jones was fully informed of the fact that a foreclosure action had been filed in the district court of the First judicial district, state of Utah, in and for the county of Box Elder, civil division, by the Inter-Mountain Life Insurance Company, a corporation aforesaid, to foreclose its mortgage he had theretofore made, executed, and delivered to it, being No. 2355, as aforesaid, and that thereafter, and after the decree of foreclosure in said action in foreclosure had been duly made and entered by the court in said action, on or about the 11th day of August, 1919, he was fully informed and had notice that said decree had been made and entered by the court, as hereinbefore found, on or about the time of making and entering of the said decree of foreclosure aforesaid. That, notwithstanding the notice of the entering and making of the said decree of foreclosure, and the order to sell the said premises and the water rights, above described, and his information that the said decree and order of sale had been made, said Clair D. Jones at no time appeared in said foreclosure action by motion, answer, or otherwise, and that, after said full notice and information of the decree and order of sale, and the proceedings in said foreclosure action, being No. 2355 aforesaid, he afterwards permitted the full year to pass without answering to the merits of the said foreclosure proceedings, or making any motion therein, or making any appearances therein whatsoever.

"That in said foreclosure action No. 2355 aforesaid the said Clair D. Jones, defendant in said action, was duly and regularly served with summons, and that he failed and neglected, within the time allowed by law and the said summons, to answer or otherwise plead to the complaint in said action, and that the court in said action so found, and that, for his failure to so answer or otherwise plead to said complaint as aforesaid in said case No. 2355, his default was by the court in said action duly and regularly entered.

"That the judgment against the said Clair D. Jones, in case No. 2355 aforesaid, was in every way just and regular, and that the said sum for which said judgment was rendered was due and owing from the said Clair D. Jones to the said Inter-Mountain Life Insurance Company."

The court then found that the property was duly sold under the decree of foreclosure and that the sale was regular in all respects. The court further found that, although appellant—

"had at all times since on or about the 1st day of April, 1919, had notice of the pendency of the said foreclosure proceedings, and since the entry of the said judgment and order of sale on or about

the 11th day of August, 1919, * * * has had full knowledge of the sale of the said premises, * * * and has had full, complete, and correct knowledge and notice of all of the proceedings in said foreclosure action * * * as aforesaid, * * * yet with full notice and knowledge of all of the said proceedings in the said action he has not at any time made or taken any action whatsoever in said cause to open the same up, to be permitted to plead to the merits thereof, to set aside the judgment therein, or the order of sale of the said premises and water rights, nor to set aside or to modify the sale of said premises, * * * nor to take any action whatsoever to set aside or modify any of the proceedings in the said action, * * * but with full knowledge of the said proceedings and each of them in the said foreclosure proceedings as aforesaid he commenced this action," etc.

The court further found that there is no evidence in support of practically all of the allegations of appellant's complaint in this case. The court further found that the premises were not of the value alleged in the complaint, and that the same were sold for their full value. Many other findings were made, but we have already set forth more than actually necessary to a full understanding of the legal propositions involved on this appeal.

As conclusions of law the court found that the proceedings in the foreclosure action were regular, for the reasons before stated, and that this action should therefore be dismissed. Judgment was entered accordingly, from which this appeal is prosecuted.

The findings of the court are assailed by the appellant in certain particulars. It is not necessary to refer to the evidence in detail. It is sufficient to say that there is ample evidence, when considered in connection with the inferences that the district court was warranted in deducing from the undisputed facts and circumstances, to sustain all of the court's findings. That being so, it would be a work of supererogation to attempt to justify the judgment. There is absolutely nothing in this case which would authorize us to interfere with the judgment, either upon the ground that the proceedings in the foreclosure suit were without jurisdiction of the person of the appellant or upon the ground that they were so grossly irregular that interference were permissible.

Nor is there any equity in appellant's contentions. Moreover, his conduct after returning home was such as would clearly estop him from maintaining this action in a court of equity for the purpose for which it was commenced or for any other purpose.

The judgment should be, and it accordingly is, affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.